445 So.2d 424 (1984)
Walter C. DUMAS
v.
Louis JETSON, et al.
No. 83-C-2614.
Supreme Court of Louisiana.
January 18, 1984.
*425 PER CURIAM.
This case involves two separate civil actions: (1) a principal action by Walter Dumas pursuant to La.R.S. 18:1401(B) to declare an election void and (2) an incidental action by Louis Jetson pursuant to La.R.S. 18:1432(B) for an award of attorney's fees and damages for Dumas' bringing a frivolous election suit. Each action is based on separate and distinct juridical facts constituting the separate causes of action.[1]
The trial court could have ordered the separate trial of the principal and incidental actions and could have rendered separate judgments, from which there could have been separate appeals. La.C.C.P. Art. 1038. Moreover, even though the trial court rendered only one judgment jointly adjudicating both actions, one party could have appealed in the action contesting the election, while the other party could have appealed in the action demanding damages (as might have occurred if the trial court had ruled in favor of Jetson in the election contest, but dismissed the incidental action for damages). Additionally, either party could have appealed in the action seeking damages, without any appeal in the action contesting the election.
Therefore, because there was an entirely separate and distinct right to appeal in each action, the delay for each appeal must be calculated separately. The delay for the appeal in the election contest is governed by a special statute, La.R.S. 18:1409, and the 24-hour delay period is based on the obvious need for expedited treatment. On the other hand, since there are no special statutes governing the delay for the appeal in the action seeking damages, the general codal articles are applicable.[2] There are also no special statutes requiring security in an appeal in the action seeking damages, nor is there any obvious need for expedited treatment of an appeal when the trial judge grants or refuses a money judgment.
Accordingly, the appeal from that portion of the judgment of the trial court which awarded attorney's fees and damages was timely. We therefore grant relator's application in part and remand the matter to the court of appeal to review the appeal from that portion of the judgment of the trial court. Otherwise, the application is denied.
DIXON, C.J., would grant and bring this case up to be argued; otherwise, the writ should be denied.
MARCUS, J., would deny the application.
NOTES
[1] In deciding an appeal from a judgment awarding (or denying) attorney's fees and damages, the appellate court will review the record facts in the election suit, but will view those facts in a different perspective and will not accord the usual weight to the trial court's resolution of disputed factual issues. Moreover, additional evidence will often be offered to support or controvert the incidental demand, particularly on the issue of attorney's fees.
[2] The election code, containing special provisions for speedy trials and appeals of election contests, was enacted in 1976. The cause of action for attorney's fees and damages for frivolous election suits was conferred by Act 506 of 1980.