|2PER CURIAM.
This is an election contest in which the candidacy of Ronald R. Johnson for the office of member of the East Baton Rouge School Board, District Five is challenged. Before reaching the merits of this appeal, we will address a motion to dismiss filed with this court by appellee, Ronald Johnson. By this motion, Mr. Johnson contends the appeal should be dismissed because appellant has failed to post a bond as required by La.R.S. 18:1409(D). The record has been supplemented with a notice from the clerk of the trial court which reflects the costs were paid in full by appellant within the proper time allowed for perfecting an appeal. Therefore, there was no need for appellant to file an appeal bond. We will deny appellee’s motion to dismiss.
Donald E. Bradford filed the instant summary proceeding objecting to the candidacy of Mr. Johnson for the office of member of the East Baton Rouge School Board, District Five. Mr. Bradford asserted that Mr. Johnson was not qualified as a candidate for District Five because he failed to comply with La.R.S. 17:52, which requires that a *223 candidate for membership on the school board be domiciled in the district from which he seeks election for the preceding year. After hearing the matter, judgment was rendered dismissing plaintiffs claim with prejudice. From this judgment, Mr. Bradford appeals.
The record reflects that Mr. Johnson resided at 2704 Laurel Street, which is located within the School Board District Six, when he qualified to run as a candidate for the School Board District Five. He had resided at the Laurel Street address for at least one year prior to his qualification as a candidate for District Five. Between the time of the last School Board election and the present time the school board districts were reapportioned. The record further reflects that only Mr. Johnson qualified for the office of school board member representing District Five.
Initially, Johnson contends that he is no longer a candidate but is now an elected official and, therefore, his candidacy cannot |3be challenged. He asserts that, because no other candidates qualified, he became an elected official at the time qualifying was closed and from that time forward only his status as an elected official could be challenged. In support of this contention he cites La.R.S. 18:511 B.
We disagree. La.R.S. 18:493 which is located in the part of the Election Code which deals with candidates states: “An action objecting to candidacy shall be commenced in a court of competent jurisdiction within seven days after the close of qualifications for candidates in the primary election.” Furthermore, at Part 1 of Chapter 9 of the Election Code the procedures for objections to candidacy are set forth. Section 18:1405 A of that part states that an action objecting to candidacy shall be instituted within seven days after the close of qualifications for candidates in the primary election. This statutory language clearly and unambiguously establishes the right to object to the candidacy of a person within the specified time frame of seven days after the close of qualifications for candidates. It is not limited to opposed candidates. Consequently, an unopposed candidate remains a candidate for purposes of the Election Code until the delays for attacking the candidacy have elapsed. It is undisputed that Mr. Bradford filed the instant lawsuit within seven days of the close of qualification. Therefore, Mr. Bradford has properly challenged the candidacy of Mr. Johnson.
Oh appeal, Mr. Bradford contends the trial court erred in finding that Mr. Johnson complied with the residency requirements of La.R.S. 17:52 E(l). That legislation provides as follows:
E. (1) Any person who at the time of qualification as a candidate for the school board has attained the age of eighteen, resided in the state for the preceding two years, and has been actually domiciled for the preceding year in the parish, ward, or district from which he seeks election is eligible for membership on the school board. However, at the next regular election for members of the school board following a reapportionment, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to reapportionment if he was domiciled in the prior district for at least one year immediately preceding his qualification and was a resident of the state for the two years preceding his qualification.
Clearly, Johnson has not resided in District Five for one year prior to his qualification. Therefore, his ability to qualify for this office is dependent on the final sentence of the above quoted legislation which sets forth an exception to the residency requirement for some candidates adversely affected by reapportionment.
The trial court concluded that La.R.S. 17:52 E(l) “is susceptible to a reading that would permit Mr. Johnson to run in any district ... which was created in whole or in part from a district existing prior to reapportionment.” After carefully reviewing the statute, we conclude the language of the statute is more restrictive than the meaning attributed to it by the trial court. It states that a candidate, in the next election following reapportionment of a district, may qualify in any new district created in whole or in part by the reapportionment of the old district, if the candidate had been domiciled in *224 the old district for at least one year immediately preceding his qualification.
It is undisputed that, for the year prior to his qualification, Mr. Johnson was domiciled in District Six, not in District Five. In order for a domiciliary of District Six to be a candidate for District Five, the reapportionment must have moved some or all of District Six to District Five. Although the trial court stated otherwise, the record reflects that no part of District Six was moved to District Five during the reapportionment. Therefore, Johnson did not meet the residency requirements and is not qualified as a candidate in School Board District Five.
For the foregoing reasons, the judgment of the trial court is reversed. Judgment is rendered in favor of Donald E. Bradford, declaring Ronald R. Johnson disqualified as a candidate for the office of member of the East Baton Rouge School Board, District Five, and ordering the Secretary of State to reopen the qualifying period for District Five pursuant to La.R.S. 18:469. Costs of this appeal are assessed against appellee, Ronald R. Johnson.
MOTION TO DISMISS DENIED; JUDGMENT REVERSED AND RENDERED.