662 So.2d 542 (1995)
PLAQUEMINES PARISH COUNCIL and The Plaquemines Port, Harbor and Terminal District
v.
Luke A. PETROVICH.
No. 95-CA-2263.
Court of Appeal of Louisiana, Fourth Circuit.
October 18, 1995.
Order on Rehearing October 25, 1995.
Writ Denied October 27, 1995.
Writ Granted November 3, 1995.
Pivach & Pivach, George Pivach, II, Mark J. Boudreau, Belle Chasse, for Appellants.
Stephen C. Braud, Parish Attorney, Belle Chasse, for Appellant.
Moise W. Dennery, New Orleans, and Thomas B. Lemann, New Orleans, and Marian Mayer Berkett, New Orleans, for Stanley Wallace.
Before KLEES, BYRNES, and PLOTKIN, JJ.
*543 BYRNES, Judge.
Appellants, the Plaquemines Parish Council and Clyde A. Giordano, President of Plaquemines Parish appeal a judgment of the trial court denying exceptions filed by Clyde A. Giordano, President of Plaquemine Parish and the Plaquemines Parish Council. We dismiss the appeal as untimely.
The litigants do not contest the basic facts and chronology of events.
On October 1, 1994, the voters of Plaquemines Parish voted in favor of adopting a civil service system pursuant to the following ballot proposition:
Shall a Constitutional Civil Service System be established for Plaquemines Parish?
On October 31, 1994, the Plaquemines Parish President, Luke A. Petrovich, filed a Reconventional Demand for Declaratory Judgment, Preliminary and Permanent Injunction in an existing lawsuit alleging that the election was illegal and invalid. Named as the primary defendant in reconvention was the Plaquemines Parish Council.
Because the Plaquemines Parish Council took no action to defend against the Petrovich attack on the election results, Stanley Wallace, a Plaquemine Parish resident and voter filed a Petition of Intervention on January 5, 1995 in support of the election results.
Judgment was signed on February 7, 1995 in favor of Stanley Wallace. No appeal was taken from this judgment, but Clyde Giordano, as Petrovich's successor to the Office of Parish President, applied for supervisory writs to this Court.
On July 17, 1995 this Court denied Giordana's writ application as untimely, citing LSA-R.S. 18:1409(D).
Appellants filed exceptions of Prematurity, Vagueness, Improper Cumulation of Actions, No Cause of Action and No Right of Action to intervenor's petition of January 5, 1995 no earlier than April 3, 1995.
A hearing on the exceptions was held on October 12, 1995.
On October 13, 1995 the trial court ruled in favor of the intervenor, Stanley Wallace and denied the exceptions. From the transcript of the trial court's oral reasons for judgment we note that the trial court took into account the "short fuse" time delays provided by LSA-R.S. 18:1409.
The election in this matter was over one year ago. The delays for trial and appeal provided by LSA-R.S. 18:1409 have along since passed. The purpose of the short time delays in the election Code is to expedite. Fitzmorris v. Lambert, 382 So.2d 169 (1979) writ refused 384 So.2d 793 (La.1979). The short time delays are in the interest of the electorate, not the private parties litigant. As such they may not be waived or modified even with the agreement of the litigants and the courts. State ex rel. Vullo v. Plaquemines Parish Police Jury, 238 La. 328, 115 So.2d 368 (1959). The public resents any attempt to frustrate its will as expressed at the ballot box by protracted legal delays.
The Parish Council argues that when the trial court denied the Council President's request for a preliminary injunction it reserved to appellants the right to a trial on the merits at some indefinite future date. Assuming for purposes of argument that that is what the trial court did, it had no authority to do so beyond the time limits established by LSA-R.S. 18:1409. It was incumbent on any party not completely satisfied with the February 7, 1995 judgment of the trial court to seek redress within the time limits fixed by the Election Code.
This, in effect, is the message this Court sent when it previously denied writs citing LSA-R.S. 18:1409(D). The time to contest this election has long since passed.
For the foregoing reasons, the appeal of the Plaquemines Parish Council is dismissed. Although it is too late to contest the election results, this Court expresses no opinion on the rights of the litigants to seek an interpretation of the proposition adopted by the voters via declaratory judgment or otherwise.
APPEAL DISMISSED.

ORDER ON REHEARING
Appellants, Clyde A. Giordano, Parish President for the Parish of Plaquemines, the Plaquemines Parish Government, and the *544 Plaquemines Parish Council filed a motion to clarify ruling, which we treat as a motion for rehearing, and grant to clarify our judgment of October 18, 1995.
It was and is the judgment of this Court that it is untimely to contest the election results of the October 11, 1994 proposition. It was and is the judgment of this Court that the decision of this Court rejecting appellants' challenge to the election is not a ruling on appellants' right to seek an interpretation of the proposition by declaratory judgment. It was and is the judgment of this Court that appellants do not have the right to seek a declaratory judgment challenging the underlying validity of the election as they contend in their "Motion To Clarify."
We hereby remand this matter to the trial court to permit appellants to pursue whatever rights they have to declaratory judgment consistent with this opinion. In all other respects our judgment of October 18, 1995 is affirmed.
New Orleans, Louisiana this 25th day of October, 1995.
 /s/ Robert J. Klees
 ROBERT J. KLEES
 JUDGE
 /s/William H. Byrnes, III
 WILLIAM H. BYRNES, III
 JUDGE
 /s/ Steven R. Plotkin
 STEVEN PLOTKIN
 JUDGE