I,MURRAY, J.
dissents and assigns reasons
Because I disagree with the majority that the trial court erred in ruling in favor of the elector who petitioned to disqualify Mr. Alcorn, I respectfully dissent.
Michael C. Darnell challenged Dwight “Twin” Alcorn’s candidacy on the basis that Mr. Alcorn had not lived in that district for the year preceding the election as required by art. 3, section 4 of the Louisiana Constitution.
As required by La. R.S. 18:1406, Mr. Darnell instituted this action objecting to Mr. Alcorn’s candidacy by filing a petition in the Civil District Court for the Parish of Orleans, a court of competent jurisdiction and venue. The petition was timely, having been filed by facsimile transmission at 10:58 p.m. on Thursday, September 16, 1999, within seven days after the close of qualifying for candidates for the district 100 house seat. La. R.S. 18:1405 A. The record contains a “Facsimile Transmission Confirmation,” dated the following day, September 17, 1999, at 8:30 a.m. The original of the Petition to Disqualify is stamped as filed September 16, and bears a notation that the Clerk’s fee of $253.50 was paid. The original petition in the record also notes “copies to the sheriff for service” as well has the notation “posted 9-17-99” signed by S. Campbell[1]. The Order setting the matter for hearing at 9:00 on September 20, 1999 was signed on September 17.
The copy of the petition filed by facsimile requested personal service on Dwight “Twin” Alcorn, at 5740 Wright Road, New Orleans, Louisiana 70128, the domiciliary address of the candidate as shown on his qualifying papers. The original petition filed the following day contains additional requests for service on Mr. Alcorn at 6917 Kenilworth, Apt. 105, New Orleans, Louisiana 70126 and at 4711 Sandlewood Street, New Orleans, Louisiana 70127.
On the morning of the hearing, counsel for Mr. Darnell advised the court that the sheriff had been unable to serve Mr. Al-corn. At that point the court recessed the proceedings until 10:00 a.m. to allow Mr. Darnell time to serve the Clerk of Court, as Mr. Alcorn’s agent for service of process in accordance with La. R.S. 18:1407 and 18:1408 A.
When the hearing was reconvened, Joe Broussard, a representative of Edwin Lombard, the Clerk of Court, was sworn as a witness. Mr. Broussard confirmed that the Clerk had been served with the petition and citation. Mr. Broussard produced the qualifying form executed and filed by Mr. Alcorn, which gave a domicile address of 5740 Wright Road and a telephone number of 504-244-7185.
Following this testimony, the trial court appointed Ferdinand Valteau, an attorney, to represent Mr. Alcorn. The proceedings then were conducted contradictorily against Mr. Valteau, in accordance with La. R.S. 18:1409 A.
As the majority notes, testimony was taken from a number of witnesses includ *725 ing a representative of the Civil Sheriff, who testified as to the efforts made to serve Mr. Alcorn with the petition and citation, a private investigator, and Michael Darnell, the petitioner. Mr. Valteau cross-examined each of these |3witnesses on behalf of Mr. Alcorn. He also requested that a call be made in the hall for Dwight “Twin” Alcorn at the close of petitioner’s case.
At the close of evidence the court concluded that there was sufficient service to give the court personal jurisdiction of Mr. Alcorn based on the service of his agent, the Clerk of Court, the efforts made to serve Mr. Alcorn personally, and the posting of a copy of the petition in the court house.
The court then noted that the documents in evidence established that: Mr. Alcorn’s notice of candidacy indicates his domicile is 5750 Wright Road, but that Mr. Alcorn previously was domiciled at 6917 Kenilworth Drive from 1996 until August 25, 1999, when he changed his voter registration to 5740 Wright Road; Mr. Alcorn’s driver’s license, which was reissued in October of 1998 shows an address of 6917 Kenilworth Drive; the telephone number 244-7185, given by Dwight Alcorn on his qualifying form, is listed in the Haines Directory as the number for 6917 Kenil-worth Drive. The court noted the testimony of Mr. Darnell that, although he had personal knowledge of the residents of 5470 Wright Road for five to six years, he did not know Dwight Alcorn to reside at that address. The court also noted testimony by Dwayne Lockett, a private investigator. Mr. Lockett testified that he observed a vehicle registered to Dwight Samuel Alcorn at 6917 Kenilworth on September 16 at 3:00 p.m. and again at 8:00 p.m. Mr. Lockett also testified that he checked the Wright Street address on three occasions, once in the morning, once in the afternoon, and once late at night; at no time did he observe the vehicle registered to Mr. Alcorn at that address.
The court reached the factual finding, based on the evidence presented, that Mr. Alcorn was not domiciled at an address within district 100 for a year preceding the election. The court ruled, therefore, that Dwight Alcorn was disqualified as a candidate for representative of House district 100.
I/The only evidence that indicated that Mr. Alcorn was domiciled in district 100 at 5740 Wright Road was his assertion to that effect on his qualifying papers, and on his application to transfer voter registration. The only evidence that Mr. Alcorn had lived in district 100 for at least a year before this election was his statement, also on the transfer application, that he had moved to 5740 Wright Road on “1/98.” In this case, Mr..Darnell presented evidence 'in the form of documents and testimony that persuaded the trial court that Mr. Alcorn was not domiciled in the district as required for him to qualify as a candidate for the legislature representing district 100. The trial court chose to credit this evidence over Mr. Alcorn’s self-serving statements on forms executed weeks before qualifying for office. This court is not at liberty to reverse that determination, absent manifest error. Maranto v. Goodyear Tire & Rubber Co., 94-2603, p 8 (La.2/20/95), 650 So.2d 757, 762. With all deference to the majority, I cannot agree that this was manifestly erroneous.
While Mr. Alcorn’s statement on the transfer application that he had moved to 5740 Wright Road in January 1998 may have evidenced his intent to establish a domicile in district 100 on that date, there is absolutely no record evidence that he, in fact, did so.[2]
*726 It would be better for all parties to this controversy if Mr. Alcorn had participated in the hearing on his candidacy. Although Mr. Darnell complied with the requirements of the various statutes designed to provide notice and an opportunity for the candidate to be heard, Mr. Alcorn did not receive actual notice of the hearing. The statutes anticipate that this may happen (a not altogether |Bunlikely happening based on the time constraints imposed by- the Code), and provides for the instanter appointment of an attorney to represent the absent candidate.
There is no question that Mr. Alcorn could have presented his case more effectively than did Mr. Valteau, who represented him- pursuant to the instanter appointment. Unfortunately,' the law relating to election contests is onerous. It places short time delays on all involved— the party seeking to disqualify, the candidate, and the courts deciding the question. Under ordinary circumstances, such time constraints would not be tolerated. However, as the Supreme Court noted in Plaquemines Parish Council v. Petrovich, 95-2263, p. 2 (La.App. 4th Cir.10/18/95), 662 So.2d 542, 543, order on rehearing vacated, 95-2601 (La.11/3/95), 663 So.2d 703-04, writs denied, 95-2540, 95-2541 (La.10/27/95), 663 So.2d 703, “the short time delays [in the election Code] are in the interest of the electorate, not the private party litigant.”
Based on the law and evidence presented, I believe the trial court correctly found that the evidence presented preponderated in favor of a determination that Mr. Alcorn was not qualified as a candidate for representative from district 100.

. ''Campbell” is this writer’s interpretation of the signature beside this notation.

. Of course, if the evidence established that Mr. Alcorn actually was domiciled at 5740 Wright Road at the time of filing, the question would still remain as to when he did so. I seriously doubt that moving to an address in a particular district right before qualifying and stating that you intended more than eighteen months earlier that this be your domicile would suffice to constitute domicile in the district for a year preceding the election ab *726 sent jurisprudence that allows for nunc pro tunc intent.