ROLAND L. BELSOME, Judge.
11 Appellant, Peter Rupp, an unsuccessful candidate for the St. Bernard Parish Council District “A” requests review of the trial court’s decision finding the appellant’s voter challenges were untimely pursuant to the Election Code and dismissing appellant’s Petition to Contest Election. For the following reasons we affirm.
The issue that must be determined by this Court is whether there were timely challenges made in accordance with the mandates of the Election Code. The Election Code, Title 18 of the Louisiana Revised Statutes provides the exclusive procedures by which elections may be challenged. Mr. Rupp’s sole basis for contesting the election is the qualifications of the voters as set forth in La. R.S. 18:565(A)[1] The forty-four voters that Mr. Rupp contended were unqualified to vote in his race all voted during the early election period of the general election. The Election Code specifically addresses this type of challenge and the procedure |2to be followed when pursuing such a claim. A candidate seeking to challenge an absentee by mail or early voting ballot, may do so “by personally filing his written challenge with the registrar no later than the fourth day before the election for which the ballot is challenged.” La. R.S. 18:1315(A)(1). The challenge must be presented on the proper form which can be obtained from the Secretary of State’s office. Id. The statute further specifies that the form include:
(a) The ground, specified in R.S. 18:565(A), on which the challenge is made.
*122 (b) The election involved.
(c) The specific reason for which the challenge is made.
(d) The name, address, and telephone number, if any, of the person challenging the ballot, all of which shall be written by the person challenging the vote.
La. R.S. 18:1315(A)(2).
At trial, Mr. Rupp testified that he did acquire and submit the form mandated by La R.S. 18:1315, but not until November 21, 2011. Prior to that time he asserts that on two separate occasions he attempted to challenge the qualifications of the voters with the registrar of voters, Velma Bourg. He claims he presented hand written notes with a list of names to the registrar of voters, which he claims Ms. Bourg rejected. This is disputed by the testimony of Ms. Bourg, who stated she had not seen the hand written documents. She did acknowledge receiving an official challenge form on November 21, 2011. At that time, Ms. Bourg advised Mr. Rupp that the form should have been in her office four days prior to the election.
Under similar circumstances, courts have found that a candidate’s failure to follow the mandated procedure of the Election Code to raise concerns regarding voting prior to or during the election resulted in a waiver. See, Lipsey v. Dardenne, 07-1487 (La.App. 3 Cir. 11/29/07), 970 So.2d 1237; Davis v. Malveaux, 06-2096 (La.App. 1 Cir. 10/24/06), 945 So.2d 70. Additionally, La. R.S. 18:1434 states that:
An objection to the qualifications of a voter, ..., or to an irregularity in the conduct of the election, which with the exercise of due diligence could have been raised by a challenge of the voter or objections at the polls to the procedure, is deemed waived.
La. R.S. 18:1434.
After hearing the testimony and reviewing the evidence, the trial court found the challenges were registered on November 21, 2011. These challenges were found to be untimely and thus waived. This is a factual finding that will not be disturbed unless it is manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 845 (La.1989).
We find no error on the part of the trial court and therefore affirm.
AFFIRMED
TOBIAS, J., concurs in the result.

. La. R.S. 18:565(A) — Grounds for challenge. A commissioner, watcher, or qualified voter may challenge a person applying to vote in a primary or general election on the ground that:
(1)The applicant is not qualified to vote in the election,
(2) The applicant is not qualified to vote in the precinct, or
(3) The applicant is not the person whose name is shown on the precinct register.