# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 19-638

**STATE OF LOUISIANA, BOARD OF ETHICS**

**VERSUS**

**JACKSON JONES, JR., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-91344
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**PHYLLIS M. KEATY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and Van H. Kyzar, Judges.

**AFFIRMED; MOTION TO DISMISS DENIED AS MOOT.**

Tracy M. Barker
Kathleen M. Allen
David M. Bordelon
Latoya Jordan
Post Office Box 4368
Baton Rouge, Louisiana 70821
(225) 219-5600
Counsel for Plaintiff/Appellee:
      State of Louisiana, Board of Ethics

Jackson Jones, Jr.
In Proper Person
222 Foshee Ranch Road
Natchitoches, Louisiana 71457
(318) 652-1325
Counsel for Defendant/Appellant:
      Jackson Jones, Jr.

**KEATY, Judge.**

The plaintiff/appellee, the Louisiana Board of Ethics (BOE), filed suit against the defendant/appellant, Jackson Jones, Jr., objecting to his qualification as a candidate for the office of Parish President, Natchitoches Parish. After a hearing, the trial court rendered judgment ordering Mr. Jones to withdraw from the election or otherwise be disqualified (disqualifying judgment). That same day, Mr. Jones filed motions for a continuance, for a new trial/rehearing, and to vacate the disqualifying judgment, all of which the trial court denied within hours of their filing. Eight days later, Mr. Jones filed, *inter alia*, a motion to appeal the disqualifying judgment, which the trial court denied as untimely. Mr. Jones has now perfected this appeal from the trial court's denial of his motion to appeal. Finding that Mr. Jones failed to timely comply with the expedited appellate procedures set forth in La.R.S. 18:1409(D), we affirm the trial court ruling denying the motion to appeal as untimely.

I.

**ISSUES**

The only issue properly before this court is whether the trial court erred in denying Mr. Jones's motion to appeal. Although the parties have argued the merits of the disqualifying judgment in brief, we note at the outset that the disqualifying judgment is not before this court, and its merits are not at issue in this appeal.

II.

**FACTS AND PROCEDURAL HISTORY**

Mr. Jones qualified to run for the office of Natchitoches Parish President by submitting a notice of candidacy during the qualification period that ended on Thursday, August 8, 2019. The BOE filed a petition on August 15, 2019, objecting to Mr. Jones's candidacy on the grounds that he had an outstanding late fee of

$2,500.00 and had "falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics as provided in R.S. 18:463(A)(2)." La.R.S. 18:492(A)(6). This matter was set for hearing on August 20, 2019.

During the hearing, the BOE submitted both documentary and testimonial evidence through which it sought to prove: (1) Mr. Jones was required by La.R.S. 18:1495.7 to file a 2014 Tier 2 Candidate Personal Financial Disclosure Statement by December 9, 2015, when he qualified for the March 5, 2016 election for the office of Mayor, City of Natchitoches; (2) Mr. Jones failed to timely file his disclosure statement and was assessed with a late fee of $2,500.00 pursuant to La.R.S. 42:1124.4 and La.R.S. 42:1157 of the Code of Governmental Ethics; and (3) Mr. Jones had not filed his disclosure statement or paid the late fee at the time he executed his August 8, 2019 notice of candidacy, wherein he swore he did "not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics."

The trial court found that the BOE made a prima facie showing that Mr. Jones was not qualified to run for office due to his false certification and that Mr. Jones failed to rebut the BOE's showing. On August 20, 2019, at 9:47 a.m. the trial court issued and signed a judgment ordering Mr. Jones to withdraw from the election within twenty-four hours or thereafter be disqualified.

Later that day, Mr. Jones, pro se, filed a document styled as a "Motion for Continuance and Motion for New trial/Rehearing and Motion to vacate Aug 20, 2019 Judgment." The trial court denied the motions that same afternoon. In its written reasons, the trial court explained: "The laws encompassed by the Louisiana Election Code do not allow such motions following a judgment."

Thereafter, on August 28, 2019, Mr. Jones filed a "Motion of Jackson Jones, Jr. for an Appeal of the Judgment Granting the Objection to Candidacy Filed on Behalf of the Louisiana Board of Ethics," in which he argued that, by his August 20, 2019 motions, he had timely appealed the disqualifying judgment. The trial court denied the motion on August 29, 2019. While acknowledging that Mr. Jones, in his August 20, 2019 motions, stated that he "seeks an appeal," the trial court reasoned:

> All the motions Mr. Jackson made may have been procedurally appropriate in an ordinary proceeding, but this is a candidacy challenge proceeding, which carries its own limited rules and time delays. The court accordingly denied them by written ruling on the same day they were filed, August 20, 2019. Mr. Jackson did not seek relief from the court of appeal, but from the trial court. Because he did not timely seek an order of appeal pursuant to R.S. 18:1409D within 24 hours of the signing of the judgment against him on August 20, 2019, his time to appeal expired, and his motion for an appeal filed August 28, 2019 is therefore denied as untimely.

On August 30, 2019, Mr. Jones, pro se, filed a motion to appeal the trial court's August 29, 2019 ruling, seeking pauper status. The trial court issued an order of appeal on September 3, 2019, allowing Mr. Jones to proceed in forma pauperis. Thereafter, the BOE moved to have this court dismiss the appeal as untimely.

III.

**LAW AND DISCUSSION**

Louisiana Revised Statutes 18:1409(D) governs appeals of actions objecting to candidacy and provides:

> Within twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs. The clerk of the trial court shall give notice of the order of appeal to the clerk of the court of appeal and to all the parties or their counsel of record. The trial judge shall fix the return day at a time not to exceed three days after rendition of judgment.

Interpreting this provision, our supreme court in *Francois v. Thibodeaux*, 02-1588, p. 1 (La. 6/12/02), 821 So.2d 479, 480, explained:

3

("A general rule of statutory construction is that, in the absence of legislative intent to the contrary, a special statute enacted for a particular purpose will not be presumed to have been within the scope of a subsequent general enactment on the same subject matter. . . . [I]n the event of ambiguity or conflict, special laws prevail over general laws.") . . . The relevant statute, La.R.S. 18:1409(D) is clear and unambiguous in its requirement. It provides that "[w]ithin twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal **and giving bond** for a sum fixed by the court to secure the payment of costs." (Emphasis supplied.) Where the requirements of law are so straightforward, it is improper to resort to equity. *See and compare*, La. Civil Code arts. 4 and 9.

The supreme court has also noted that "the 24-hour delay period is based on the obvious need for expedited treatment." *Dumas v. Jetson*, 445 So.2d 424, 425 (La.1984). "The short time delays are in the interest of the electorate, not the private parties litigant. As such they may not be waived or modified even with the agreement of the litigants and the courts." *Plaquemines Par. Council v. Petrovich*, 95-2263, p. 2 (La.App. 4 Cir. 10/18/95), 662 So.2d 542, 543, *writs denied*, 95-2540, 95-2541 (La. 10/27/95), 663 So.2d 703.

Hence, the provisions of La.R.S. 18:1409(D), as interpreted by our jurisprudence, set forth strict procedural and temporal requirements for perfecting an appeal of an action objecting to candidacy. These straightforward requirements include the obtaining of an order of appeal as well as the posting of an appeal bond within twenty-four hours after the rendition of the judgment, which is "deemed to have been rendered when signed by the judge." La.R.S. 18:1409(J).

Pursuant to these clear and unambiguous provisions, Mr. Jones had to obtain an order of appeal and post an appeal bond within twenty-four hours of the signing of the disqualifying judgment, i.e., by August 21, 2019 at 9:47 a.m. However, the record establishes that Mr. Jones did not obtain an order of appeal or post an appeal bond within that twenty-four-hour time delay. Therefore, Mr. Jones did not timely perfect an appeal of the disqualifying judgment, and the time fixed by law for

4

perfecting such an appeal elapsed. *See Franklin v. Sec. of State*, 06-1332 (La.App. 3 Cir. 10/19/06), 942 So.2d 62. As a consequence thereof, the disqualifying judgment, by operation of law, acquired the authority of a thing adjudged over which no "court has the jurisdictional power and authority to reverse, revise or modify[.]" *Baton Rouge Bank & Trust Co. v. Coleman*, 582 So.2d 191, 192 (La.1991).

Accordingly, we find that the motion for appeal, filed on August 28, 2019, some eight days after the rendition of the disqualifying judgment it sought to appeal, was clearly untimely under La.R.S. 18:1409(D). Finding no error in the denial of the motion as untimely, we affirm the trial court judgment and further deny the BOE's motion to dismiss appeal, which is now moot.

IV.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed. The motion for dismissal filed by the Louisiana Board of Ethics is hereby denied as moot.

**AFFIRMED; MOTION TO DISMISS DENIED AS MOOT.**