| | | |
|---|---|---|
| **PAUL N. SENS** | * | **NO. 2020-CA-0382** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **KENNETH MICHAEL** | * | |
| **PLAISANCE AND THE** | | **FOURTH CIRCUIT** |
| **HONORABLE ARTHUR** | * | |
| **MORRELL** | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-06357, DIVISION "I-14"
Honorable Piper D. Griffin, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods, Judge Dale N. Atkins)

Kenneth C. Bordes
ATTORNEY AT LAW
2725 Lapeyrouse Street
New Orleans, LA 70119

   COUNSEL FOR PLAINTIFF/APPELLEE

Madro Bandaries
MADRO BANDARIES, P.L.C.
938 Lafayette Street, Suite 507
Post Office Box 56458
New Orleans, LA 70156

Kenneth M. Plaisance
ATTORNEY AT LAW
2202 Touro Street
New Orleans, LA 70119

   COUNSEL FOR DEFENDANT/APPELLANT

**APPEAL DISMISSED**
**AUGUST 12, 2020**

*SCJ*
*JFM*
*RML*
*RBW*
*DNA*

Appellant Kenneth Michael Plaisance's appeal of the trial court's August 3, 2020 judgment sustaining appellee Paul N. Sens' suit for the disqualification of Mr. Plaisance's candidacy is dismissed as untimely.

The pertinent time line of this suit is as follows.  On July 30, 2020, Mr. Sens filed a Petition Objecting to Candidacy of Kenneth Michael Plaisance, alleging that Mr. Plaisance had falsely certified in his Notice of Candidacy form that he filed his state income tax returns for the previous five years.

This matter proceeded to trial on August 3, 2020.[1]  The trial court issued a judgment of disqualification on August 3, 2020 at 3:20 p.m.  The court issued a notice of judgment on August 3, 2020.  Mr. Plaisance filed a motion for appeal on August 10, 2020.  The record was lodged in this matter on August 12, 2020.  The court issued an order directing Mr. Plaisance to show cause in writing why his appeal should not be dismissed as untimely.

---

[1] Mr. Plaisance did not appear at trial.

1

## DISCUSSION

An appellate court has a duty to determine, *sua sponte*, whether the court has proper jurisdiction to consider the merits of an appeal filed in the court. *Schwarzenberger v. Louisiana State Univ. Health Sciences Ctr.-New Orleans*, 18-0812, p. 2 (La. App. 4 Cir. 1/9/19), 263 So.3d 449, 451-52. "Absent a timely filed motion for appeal, the appellate court lacks jurisdiction over the appeal." *Joseph v. Egan Health Care Corp.*, 19-10, p. 3 (La. App. 5 Cir. 5/16/19), 273 So.3d 459, 462.

Louisiana Revised Statutes 18:1409(D) governs appeals of actions objecting to candidacy and provides:

> Within twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs. The clerk of the trial court shall give notice of the order of appeal to the clerk of the court of appeal and to all the parties or their counsel of record. The trial judge shall fix the return day at a time not to exceed three days after rendition of judgment.

"The Supreme Court has noted that 'the 24-hour delay period is based on the obvious need for expedited treatment.'" *Board of Ethics v. Jones*, 19-638, p. 4 (La. App. 3 Cir. 9/30/19), 280 So.3d 242, 244 (quoting *Dumas v. Jetson*, 445 So.2d 424 425 (La. 1984)). "'The short time delays are in the interest of the electorate not the private parties litigant. As such they may not be waived or modified even with the agreement of the litigants and the courts.'" *Id.* (quoting *Plaquemines Parish Council v. Petrovich*, 95-2263, p. 2 (La. App. 4 Cir. 10/18/95), 662 So.2d 542, 543).

The provisions of La. R.S. 18:1409(D), as interpreted by our courts, establish strict procedural and temporal requirements for perfecting an appeal of an action objecting to candidacy. *Id.* "These straightforward requirements include

the obtaining of an order of appeal as well as the posting of an appeal bond within twenty-four hours after the rendition of the judgment, which is 'deemed to have been rendered when signed by the judge.'" *Id.* (quoting La. R.S. 18:1409(J)).

Pursuant to these provisions, Mr. Plaisance had to obtain an order of appeal and post an appeal bond within twenty-four hours of the signing of the disqualifying judgment, i.e., by August 4, 2020 at 3:20 p.m. The record, however, establishes that Mr. Plaisance did not obtain an order of appeal or post an appeal bond within the twenty-four hour time delay. Mr. Plaisance, therefore, did not timely perfect an appeal of the disqualifying judgment, and the time period by law for perfecting such an appeal elapsed.

## CONCLUSION

"Absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal." *Tennebaum v. Lecompte,* 15-0008, p. 2 (La. App. 4 Cir. 8/12/15), 173 So.3d 1185. We find that Mr. Plaisance's motion for appeal, filed on August 10, 2020, seven days after the rendition of the disqualifying judgment, is clearly untimely under La. R.S. 18:1409(D).[2] Mr. Plaisance's appeal is hereby dismissed.

**APPEAL DISMISSED**

---

[2] We further note that Mr. Plaisance's appeal is not proper under La. R.S. 18:1409(D) for the additional reason that he failed "to timely post a bond within twenty-four hours of the judgment." La. R.S. 18:1409(D).