446 So.2d 747 (1983)
Walter C. DUMAS
v.
Louis JETSON, et al.
No. CE 83 1420.
Court of Appeal of Louisiana, First Circuit.
December 21, 1983.
*748 Norman Haymer, Jr., Charles C. Hayling, III and Turner, Jr., Baton Rouge, for plaintiff-appellant Walter C. Dumas.
Janice Clark, Baton Rouge, La., for defendant-appellee Louis Jetson.
Steve Marks, Baton Rouge, for defendant-appellee H.M. Mike Cannon, Clerk of Court.
Kenneth DeJean, Baton Rouge, for James H. Brown, Secretary of State.
Before LOTTINGER, EDWARDS, PONDER, COLE, WATKINS, SHORTESS, CARTER, SAVOIE, LANIER, CRAIN and ALFORD, JJ.[1]
LANIER, Judge.
This is an election suit by Walter C. Dumas, an unsuccessful candidate for the office of State Representative from District 61, alleging that irregularities and/or fraud in the conduct of the election were sufficient to affect its outcome. Louis Jetson, the successful candidate, responded to the suit by filing an exception of no cause of action. The district court sustained this exception and dismissed the suit. Dumas appealed that decision.
On appeal this Court ruled that Dumas' petition stated a cause of action and remanded the case for trial. Dumas v. Jetson, 446 So.2d 744 (La.App. 1st Cir.1983). After the trial, the district court rendered judgment in Jetson's favor dismissing the suit at Dumas' costs (including expert witness fees of $200). The district court also determined that the suit was filed frivolously and awarded statutory penalties of damages and attorney fees as follows: (1) Clerk of Court of East Baton Rouge Parish extraordinary expenses attributable to this suit of $500 and an attorney fee of $3,500; and (2) Louis Jetsondamages of $1,000, attorney fee of $7,500 and $225 for attorneys' expenses. This appeal followed. Jetson answered the appeal and sought damages and attorney fees for a frivolous appeal. Jetson also filed a motion to dismiss the appeal alleging that the appeal bond was not timely filed.

FACTS
On November 19, 1983, Dumas and Jetson were candidates in the general election for the office of State Representative for District 61 of the State of Louisiana. The parties stipulated that in the election 4091 votes were cast for Jetson and 3878 votes were cast for Dumas, a margin of victory of 213 votes for Jetson.

TIMELINESS OF APPEAL
The following dates and times are pertinent for deciding the motion to dismiss the appeal:
(1) December 12, 1983, at 5:07 p.m. judgment rendered by the district judge La.R.S. 18:1409(J);
(2) December 13, 1983Dumas filed his order of appeal at 4:53 p.m. and it was signed by the district judge at 4:58 p.m.; and
(3) December 13, 1983the appeal bond of $5,000 was filed by Dumas at 5:29 p.m.
La.R.S. 18:1409(D) provides in pertinent part as follows:
Within twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs.
Courts have the duty to interpret laws as legislated and, when possible, to honor the clear meaning of a statute as revealed by its language, purpose and history. Clark v. Board of Commissioners, *749 Port of New Orleans, 422 So.2d 247 (La. App. 4th Cir.1982). Prior to January 1, 1981, La.R.S. 18:1409(B), the predecessor of La.R.S. 18:1409(D), provided that an appellant in an election suit could appeal by obtaining an order of appeal and giving bond within "one day" after rendition of judgment. By Act 506 of 1980, La.R.S. 18:1409(B) was redesignated La.R.S. 18:1409(D) and the words "twenty-four hours" were substituted for the words "one day". Obviously, the purpose of this amendment was to more specifically define the period of time within which the requisite procedural actions must be taken in order to perfect an appeal in an election case. It would also appear that this amendment was intended to facilitate the expeditious handling of such appeals.
The words of a law are to be understood according to the common and approved usage of the language. La.R.S. 1:3; La.C.C. art. 14; State v. Brady, 310 So.2d 593 (La.1975). When a statute is clear and unambiguous, its language must be given effect as written. La.R.S. 1:4; La.C.C. art. 13. The language of La.R.S. 18:1409(D) is clear and unambiguous and provides that for a party to appeal a trial court judgment in an election suit, he must perform two procedural acts: (1) obtain an order of appeal; and (2) give bond for a sum fixed by the court. These procedural steps must be taken "[W]ithin twenty-four hours after rendition of judgment...." The preposition "within" means anytime before, not beyond, not exceeding or not later than. Thomas v. Department of Corrections, L.T.I., 430 So.2d 1153 (La. App. 1st Cir.1983) writs denied, 435 So.2d 432 (La.1983) and 438 So.2d 566 (La.1983) and the authorities cited therein. In the instant case, the district judge rendered judgment at 5:07 p.m. on December 12, 1983. Pursuant to La.R.S. 18:1409(D), Dumas had until 5:07 p.m. on December 13, 1983, to obtain an order of appeal and give bond for a sum fixed by the court. Dumas filed his order of appeal on December 13, 1983, at 4:53 p.m. and this order was signed by the district judge at 4:58 p.m. that same date. However, Dumas did not file his appeal bond in the amount fixed by the court until 5:29 p.m., December 13, 1983, twenty-two minutes after the time period provided in the statute expired. Because Dumas has failed to accomplish the two required procedural acts within the time period established by La.R.S. 18:1409(D), his appeal has not been properly perfected and is untimely.
Our research in the limited time allowed us to decide this case has failed to reveal jurisprudence which squarely considers the issue presented by the motion to dismiss. However, there is jurisprudence that holds that where the timely filing of an appeal bond is essential to properly perfect the appeal, the appeal may be dismissed if the appeal bond is not timely filed. Tadlock v. W.H. Hodges & Company, Inc., 357 So.2d 1268 (La.App. 3rd Cir.1978); Jones v. Galloway, 259 So.2d 623 (La.App. 1st Cir. 1972). Cf. Knox v. Brown, 325 So.2d 295 (La.App. 3rd Cir.1976). By analogy, since Dumas failed to timely give (file)[2] the bond, this court is without jurisdiction to consider this appeal. The judgment of the trial court is now final. Cf. Guilliot v. City of Kenner, 326 So.2d 359 (La. 1976).

DECREE
For the foregoing reasons, the motion to dismiss the appeal is granted and the appeal is dismissed at appellant's costs.
APPEAL DISMISSED.
NOTES
[1] Covington, C.J. did not participate.
[2] "Giving" bond is synonymous with "filing" bond. Calvert Fire Insurance Company v. Jones, 93 So.2d 44 (La.App.Orl.1957); Montaldo Ins. Agency v. Bonck, 43 So.2d 555 (La.App.Orl. 1950).