749 So.2d 6 (1999)
Carey H. COOK, Plaintiff-Appellee,
v.
James SKIPPER, Defendant-Appellant.
No. 99-1448.
Court of Appeal of Louisiana, Third Circuit.
September 27, 1999.
*7 Lauri Boyd, Ferriday, for Carey H. Cook.
Philip Hunter, Alexandria, for James Skipper.
Jerry M. Fowler, pro se.
Walter Fox McKeithen, pro se.
Clyde Webber, Jr., pro se.
BEFORE: DOUCET, C.J., SULLIVAN, and PICKETT, JJ.
SULLIVAN, Judge.
Defendant-appellant, James Skipper, appeals the judgment of the district court which disqualifies his candidacy for the office of Police Juror for District 1, Place A, Concordia Parish. For the reasons given below, we affirm.
On September 9, 1999, appellant qualified as a candidate in the above mentioned election. Plaintiff-appellee, Carey H. Cook, filed his Petition Objecting to Candidacy on September 15, 1999, challenging appellant's candidacy based on La. Const. art. I, § 10. The appellee averred that appellant had been convicted on the charge of Possession With Intent to Distribute Cocaine Base, a Class A Felony in violation of 21 U.S.C. § 841(a)(1). The petition concludes that since appellant's qualification for an elected public office in this state is within fifteen years of the completion of appellant's original sentence for a crime that would be considered a felony in Louisiana, he is disqualified from running for this position of Police Juror pursuant to La. Const. art. I, § 10.
*8 Domiciliary service of this petition was made on September 15, 1999. The trial on the merits was set for September 17, 1999. At the trial, appellant appeared and requested that the matter be continued in order to allow him time in which to retain counsel to represent his interests. The trial court denied the request and proceeded to hear the merits of the case against appellant in proper person. At the conclusion of the trial, the court orally pronounced judgment disqualifying appellant's candidacy. The written judgment memorializing this ruling was signed by the trial court on September 17, 1999, at 3:06 p.m. Appellant timely filed a motion and order for appeal from this judgment.
Appellant contends that this court should set aside the trial court's ruling on various procedural grounds. Thus, appellant posits that his right to due process of law under both the federal and state constitutions was violated by the scheduling of the trial on the merits of this case within a time frame that prevented him from being able to obtain counsel to represent him. Alternatively, appellant asserts that due process and the Election Code required that counsel be appointed to represent him. Finally, appellant posits that the trial court should have granted a continuance of this case to allow appellant until the following Monday to obtain counsel.
The constitutionality of the expedited procedures of the Election Code was examined and upheld in Fitzmorris v. Lambert, 382 So.2d 169 (La.App. 1 Cir.), writ denied, 384 So.2d 793 (La.1979). At the time of the Fitzmorris decision, La. R.S. 18:1409 provided, in pertinent part, that the trial of a suit challenging a party's candidacy "shall begin at 10:00 a. m. on the fourth day after suit was filed." The current wording of the statute is permissive in allowing the trial court to set an earlier time for the hearing, but the hearing must be conducted no later than 10:00 a.m. on the fourth day following the filing of the petition.
In upholding the constitutionality of the expedited procedure, the court in Fitzmorris stated:
The Court recognizes that the legislature in drafting and enacting the present Election Code sought to expedite contests of this nature. The integrity of the election process mandates the same. The fixing of time limitations is vested solely in the legislature.
382 So.2d at 173.
Under the facts of the instant case, we find no violation of appellant's due process rights in the trial court's holding of the hearing in less than four days. Pursuant to La.R.S. 18:1409(A), "The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed." In the instant case, the trial court held the trial within two days of the filing of the petition. Appellant received notice of the hearing and made an appearance. Moreover, appellant has timely appealed the lower court's decision herein. Furthermore, this court finds that the record made by the parties is adequate to allow this court to render its decision on the legal issues presented and that appellant's appearance through counsel would not have provided any additional protection under the particular facts of this case.
Insofar as appellant claims that he was entitled to court appointed counsel, we have not been cited to any provision of the Election Code which mandates that appellant should have had court appointed counsel nor have we find any provision to this effect. Court appointed counsel can be mandated in circumstances not present in the instant case. La.R.S. 18:1409(A). In light of the statutorily mandated expedited nature of these proceedings and for the reasons discussed above, we find no abuse of discretion in the trial court's denial of appellant's request for a continuance.
Appellant argues that the appellee failed to establish certain necessary facts for the record in order to prove that appellee has the right to challenge appellant's *9 candidacy. The transcript of the hearing reflects that the uncontradicted testimony of Golda Emsminger, the Registrar of Voters for the Parish of Concordia, was to the effect that the plaintiff, Carey Cook, is a registered voter in District 1, Place A, of Concordia Parish. Accordingly, we find that appellee carried his burden of proving that he was a qualified elector in the subject district with standing to bring this candidacy disqualification suit.
Appellant challenges the trial court's application of the amended wording of La. Const. art. I, § 10 to bar his candidacy on several bases. The amendment to this constitutional provision was approved on October 3, 1998 and became effective on November 5, 1998. Prior to its amendment, La. Const. art. I, § 10 read:
Section 10. Every citizen of the state, upon reaching eighteen years of age, shall have the right to register and vote, except that this right may be suspended while a person is interdicted and judicially declared mentally incompetent or is under an order of imprisonment for conviction of a felony.
As amended, this provision states:
Section 10. (A) Right to Vote. Every citizen of the state, upon reaching eighteen years of age, shall have the right to register and vote, except that this right may be suspended while a person is interdicted and judicially declared mentally incompetent or is under an order of imprisonment for conviction of a felony.
(B) Disqualification. The following persons shall not be permitted to qualify as a candidate for elective public office or take public elective office or appointment of honor, trust, or profit in this state:
(1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be a felony and who has exhausted all legal remedies and has not afterwards been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced.
(2) A person actually under an order of imprisonment for conviction of a felony.
(C) Exception. Notwithstanding the provisions of Paragraph (B) of this Section, a person who desires to qualify as a candidate for or hold an elective office, who has been convicted of a felony and who has served his sentence, but has not been pardoned for such felony, shall be permitted to qualify as a candidate for or hold such office if the date of his qualifying for such office is more than fifteen years after the date of the completion of his original sentence.
At the trial of this matter, appellant admitted that he had been convicted of the felony of Possession With Intent to Distribute Cocaine Base, a Class A Felony pursuant to 21 U.S.C. § 841(a)(1). Appellant contends that the trial court erred in taking judicial notice of the laws of this state and of the United States in deciding this matter. However, the courts of this state are required to take judicial notice of these laws pursuant to La.Code Evid. art. 202. Thus, we must determine if the trial court correctly found that the appellant was convicted of a crime under the laws of the United States which would be a felony under the laws of this state.
A felony in Louisiana is defined as "an offense that may be punished by death or by imprisonment at hard labor." La.Code Crim.P. art. 933(3). Relevant to the instant case, then, are the provisions of La. R.S. 40:967, which, in 1988, stated in pertinent part:
A. Manufacture; distribution. Except as authorized by this part, it *10 shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
* * *
B. Penalties for violation of Subsection A. Except as provided in Subsection F hereof, any person who violates Subsection A with respect to:
(1) A substance classified in Schedule II which is a narcotic drug, shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more than fifteen thousand dollars;
* * *
In 1988, the referenced description found in Schedule II(A)(4) of La.R.S. 40:964 includes:
Coca leaves, cocaine, ecgonine and any salt, isomer, salt of an isomer, compound, derivative, or preparation of coca leaves, cocaine or ecgonine and any salt, isomer, salt of an isomer, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves, which extractions do not contain cocaine or ecgonine.
Appellant argues that the foregoing does not establish the necessary facts to show that the crime for which appellant was convicted in 1988 was a felony in Louisiana at that time. Pursuant to the above quoted provisions, possession of cocaine or any compound or derivative thereof with the intent to distribute same was a felony in Louisiana in 1988. Accordingly, we find that the trial court correctly held that appellant had been convicted of a crime under the laws of the United States which would be a felony under the laws of Louisiana.
Appellant contends in the alternative that he has regained his right to hold public office pursuant to La. Const. art. I, § 20. This provision states, in pertinent part, "Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense." However, we find that the foregoing provision has now been restricted by the amendment to La. Const. art. I, § 10 as the more specific provision must prevail over the more general. See, Perschall v. State, 96-322 (La.7/1/97); 697 So.2d 240.
In the further alternative, appellant contends that even if La. Const. art. I, § 10 as amended applies to him, he still meets the qualification requirements because the federal crime for which he was convicted was his first offense which entitles him to an automatic pardon upon completion of the sentence pursuant to La. Const. art. IV, § 5(E)(1). This latter provision states:
(1) The governor may grant reprieves to persons convicted of offenses against the state and, upon recommendation of the Board of Pardons, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses. However, a first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor.
As discussed above, prior to the amendment of La. Const. art. I, § 10, the right to vote and hold public office was restored to one who had been convicted of a felony pursuant to La. Const. art. I, § 20. The differences between the restoration of the basic rights of citizenship and the effects of a pardon are analyzed in State v. Adams, 355 So.2d 917 (La.1978). Furthermore, as pointed out in Adams, an automatic pardon pursuant to La. Const. art. IV, § 5(E)(1) does not have the same effect *11 as a full pardon granted by the governor under this same provision. As we have already held in this opinion that the effect of La. Const. art. I, § 20 has been changed by the amendment to La. Const. art. I, § 10, we find that the automatic pardon provision would not restore appellant's right to hold public office. Moreover, the language of article I, § 10 requires that the pardon be given by the governor or by the officer of the government having such authority. As appellant was convicted of a federal crime, the automatic pardon granted in the Louisiana State Constitution would not provide appellant the relief he seeks.
Finally, appellant contends that since he was convicted prior to the amendment to La. Const. art. I, § 10, this amended provision cannot be retroactively applied to appellant to bar his candidacy. The application of this amended law to bar appellant's candidacy is not a retroactive application of a law. A candidate must possess the necessary qualifications to hold the office sought. Even when these qualifications change between the time a candidate qualifies to run for a public office and the time for the election, the candidate must possess the qualifications necessary for assuming the office. See, Stockstill v. Rousselle, 94-1609, 94-1610, and 94-1611 (La.App. 4 Cir. 8/16/94); 641 So.2d 724, writs denied, 94-2166 and 94-2167 (La.8/22/94); 641 So.2d 535 and 536. A fortiori, in the instant case, the application of the constitutional amendment which became effective before appellant attempted to qualify for the instant election can appropriately be applied to bar appellant's candidacy.
For the foregoing reasons, we hereby affirm the trial court's decision at appellant's costs.
AFFIRMED.