J^MCCLENDON, J.,
dissents.
For the following reasons, I respectfully dissent. On appeal, Mr. Banta asserts that, pursuant to Article 1, section 20 of the Louisiana Constitution, he has the *? right to hold office of Councilman. The District Attorney, on the other hand, asserts that Article 1, section 10 governs herein.
Article 1, section 20 is entitled “Right to Humane Treatment” and provides, in pertinent part, that “[f]ull rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense.”
Article 1, section 10 provides as follows:
Section 10. (A) Right to Vote. Every citizen of the state, upon reaching eighteen years of age, shall have the right to register and vote, except that this right may be suspended while a person is interdicted and judicially declared mentally incompetent or is under an order of imprisonment for a felony.
(B) Disqualification. The following persons shall not be permitted to qualify, as a candidate for elective public office or take public elective office or appointment of honor, trust, or profit in this state:
(1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be a felony and who has exhausted all legal remedies and has not after-wards been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced.
|2(2) A person actually under an order of imprisonment for the conviction of a felony.
(C) Exception. Notwithstanding the provisions of Paragraph (B) of this Section, a person who desires to qualify as a candidate for or hold an elective office, who has been convicted of a felony and who has served his sentence, but has not been pardoned for such felony, shall be permitted to qualify as a candidate for or hold office if the date of his qualifying for such office is more than fifteen years after the date of the completion of his original sentence. (Emphasis added.)
While Article 1, section 20 provides that full rights of citizenship shall be restored, Article 1, section 10 provides a limitation on the restoration of rights. Article 1, section 20 is a general provision allowing for restoration of rights of citizenship. State v. Adams, 355 So.2d 917, 922 (La.1978). Article 1, section 10 is a specific provision dealing with the right to vote and hold office. If one constitutional provision addresses a subject in general terms and another addresses the same subject in a more detailed way, and there is a conflict in the two provisions, the more specific provision prevails. Perschall v. State, 96-0322, p. 22 (La.7/1/97), 697 So.2d 240, 255. Therefore, Article 1, section 10 prevails over the more general provision and is applicable herein. Cook v. Skipper, 99-1448, p. 6 (La.App. 3 Cir. 9/27/99), 749 So.2d 6, 10, writ denied, 99-2827 (La.9/30/99), 745 So.2d 601.
Alternatively, Mr. Banta asserts that he properly holds office under Article 1, section 10, by virtue of his first offender pardon. The District Attorney contends that the constitution specifically requires a pardon by the governor of this state, and a first offender pardon is insufficient as it is granted without any action by the governor.
UArticle 1, section 10 was amended during the 1998 legislative session; that amendment became effective on November 5, 1998.[1] The pertinent language of that *1116 constitutional provision is section 10(B), which provides that a person who has been convicted in this state of a felony, has exhausted all legal remedies, and “has not afterwards been pardoned by the governor of this state” shall not be permitted to take elective office. Article 4, section 5(E) provides that “a first offender ... never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor.”
When a constitutional provision is clear and unambiguous, and its application does not lead to absurd consequences, it must be applied as written without further interpretation in search of its intent. Succession of Lauga, 624 So.2d 1156, 1165 (La.1993). Article 1, Section 10 is clear and unambiguous; therefore, it must be applied as written. On its face, Section 10 requires a pardon by the governor, which Mr. Banta has not received as Article 4, section 5(E) grants certain felons a pardon “automatically” and “without action by the governor.” However, Article 4 of the Louisiana Constitution governs the Executive Branch, as opposed to Article 1, which is entitled “Declaration of Rights” and sets forth the rights of individuals such as the rights to privacy, vote, bear arms,. fair trial, and humane treatment. Therefore, Mr. Banta’s first offender pardon did not restore his right to hold a public office under Article 1, section 10. Malone v. Tubbs, 36,816, 36,817, pp. 11-12 (La.App. 2 Cir. 9/6/02), 825 So.2d 585, 592, writs denied, 02-2322 (La.9/11/02), 824 So.2d 1164 and 02-2448 (La.10/1/02), 826 So.2d 1110. Cf. State v. Adams, 355 So.2d 917, 922 (La.1978); Gordon v. Louisiana State Board of Nursing, 2000-0164, p. 7 (La. App. 1 Cir. 6/22/01), 804 So.2d 34, 38, writ denied, 01-2130 (La.11/16/01), 802 So.2d 607; Cook v. Skipper, 99-1448, p. 6 (La. App. 3 Cir. 9/27/99), 749 So.2d 6, 10, writ denied, 99-2827 (La.9/30/99), 745 So.2d 601.
The trial court did not err in concluding that Mr. Banta, whose date of qualifying for the office he holds was not more than fifteen years after the completion of his original sentence and who did not have a governor’s pardon, holds the office of Councilman without authority.
Finally, Mr. Banta contends that a quo warranto proceeding is not the proper procedural vehicle to seek removal of an elected official. Quo warranto is a writ directing an individual to show by what authority he holds public office. LSA-C.C.P. art. 3901. When the court finds that a person is holding office without authority, the judgment shall forbid him to do so. LSA-C.C.P. art. 3902.
Under Article 1, section 10 of the Louisiana Constitution, a convicted felon is holding office without authority unless he can show that he received a pardon from the governor or fifteen years have elapsed since the completion of his sentence. Mr. Banta, a convicted felon, pled neither circumstance in his answer. The trial court, then, conducted a hearing at which the District Attorney attempted to show that Mr. Banta had no authority to hold the office of Councilman, and Mr. Banta argued his first offender pardon was the same as a governor’s pardon. After considering the evidence and argument, the trial court rendered judgment finding that Mr. Banta held the office of Councilman *1117 without authority and in violation of | ..¡Louisiana Constitution Article 1, section 10, and rendered judgment prohibiting him from holding that office.
Admittedly, the writ of quo warranto has been used less frequently to try title to public office since the adoption of LSA-R.S. 42:76, which provides for actions to try the right to hold a public office. However, unlike the majority, I find no impediment to its use for that purpose. See Slater v. Blaize, 204 La. 21, 14 So.2d 872 (1943). Several Louisiana Attorney General Opinions, issued during the period of 1980 through 2002, confirm that the quo warranto procedure is an available procedural vehicle to remove from office an official whose qualifications do not comport with Article 1, Section 10 of the Louisiana Constitution. La. Atty. Gen. Op. Nos. 02-392 (11/6/02), 96-110 (4/8/96), and 80-257 (3/20/80). Furthermore, in the Attorney General’s opinion there is a mandatory requirement on the part of the district attorney to bring a quo warranto proceeding to remove an elected official where his right to hold office is questionable. La. Atty. Gen. Op. Nos. 02-392 (11/6/02), and 96-110 (4/8/96). Therefore, I reject Mr. Banta’s assertions that the trial court erred in deciding this issue on a petition for writ of quo warranto. For the foregoing reasons, I would affirm the judgment of the trial court.

. This constitutional amendment became effective before Mr. Banta qualified for and was *1116 elected to the office he holds; therefore, it applies herein. Malone v. Tubbs, 36,816, 36,817, p. 11 (La.App. 2 Cir. 9/6/02), 825 So.2d 585, 592, writs denied, 02-2322 (La.9/11/02), 824 So.2d 1164 and 02-2448 (La.10/1/02), 826 So.2d 1110; Cook v. Skipper, 99-1448, p. 8 (La.App. 3 Cir. 9/27/99), 749 So.2d 6, 11, writ denied, 99-2827 (La.9/30/99), 745 So.2d 601.