KUHN, J.
|sThis is an appeal of two judgments rendered in a bond validation proceeding. We have treated this appeal expeditiously, as mandated by La. R.S. 13:5128 of the Bond Validation Act. We dismiss the appeal as untimely.
FACTS AND PROCEDURAL HISTORY
The Hammond Area Economic and Industrial Development District (HAEIDD) is a political subdivision of the State of Louisiana, organized pursuant to the provisions of La. R.S. 33:130.611 et seq., and a “governmental unit” within the meaning of La. R.S. 13:5121(2). In accordance with La. R.S. 33:130.613(4) and (5) and La. R.S. 39:1430, HAEIDD has the authority to issue revenue bonds. After public hearings, several resolutions, and application to the Louisiana State Bond Commission, on April 21, 2005, the State Bond Commission adopted a resolution approving HAEIDD’s issuance of not to exceed $15,000,000 of HAEIDD Revenue Bonds (Louisiana Hospital Center, L.L.C. Project) Series 2005. It is the validity of these hospital project bonds that is the subject of this litigation. On May 6, 2005, the HAEIDD Board of Commissioners (the HAEIDD Board) filed a petition for, motion for judgment, seeking validation of the bonds under the provisions of La. R.S. 13:5121 et seq., the Bond Validation Act. Hospital Service District No. 1 of Tangipahoa Parish d/b/a North Oaks Medical Center (North Oaks)[1] filed the only opposition to the suit in the form of an answer. On March 1, 2006, North Oaks filed a |4reconventional demand and third party demand naming the HAEIDD Board and the Louisiana Hospital Center, L.L.C. as defendants.
*642 On June 12, 2006, the trial court signed a judgment granting the HAEIDD Board’s exception raising the objection of no right of action and dismissing North Oaks’s re-conventional demand.[2] On August 22, 2006, a second judgment was signed. Therein, the trial court: (1) denied North Oaks’s motion for new trial in regard to the June 12, 2006, judgment; (2) struck North Oaks’s answer; (3) declared the bonds valid; and (4) issued a permanent injunction prohibiting all defendants from instituting any action contesting the validity of the hospital project bonds.
On August 24, 2006, North Oaks filed a petition for appeal of the June 12 and August 22 judgments. The record was certified to this court on September 14, 2006, and on September 15, 2006, North Oaks filed its brief with this court.[3]
Also on September 15, 2006, the HAEIDD Board filed a motion to dismiss North Oaks’s appeal. Therein, the HAEIDD Board argued that although North Oaks’s petition for appeal was timely filed in regard to the August 22 judgment, it was untimely in regard to the June 12, 2006, judgment. The HAEIDD Board also argued that, because North Oaks failed to timely have the record certified to this court and failed to timely file its brief, the appeal should be dismissed.
DISCUSSION
Louisiana Revised Statutes 13:5128 states in pertinent part that:
| No appeal to the court of appeal ... shall be allowed unless the petition therefor is filed within ten days from the date on which the judgment of the court is entered and only if the party taking the appeal has the record certified to the proper appellate court and his brief filed therein within twenty days from the date on which the judgment of the court is entered, or such shorter time as may be required by the appellate court. (Emphasis supplied.)
Of the two judgments North Oaks challenges, the last judgment was signed and filed into the record, i.e. “entered,” on August 22, 2006. The district court record was certified and lodged with this court on September 14, and appellant’s brief was filed with this court on September 15. Neither of these actions happened within twenty days of the entry of the August 22 judgment.[4]
The Third Circuit Court of Appeal has addressed the mandatory nature of La. R.S. 13:5128 in BellSouth Telecommunications, Inc. v. City of Lafayette, 2005-1478 (La.App. 3 Cir. 1/5/06), 919 So.2d 844. Therein, although the district court timely certified the record to the appellate court, the appellants’ brief was filed two days past the twenty-day deadline. The third circuit counted the twenty days from the signing of the judgment. After quoting La. R.S. 13:5128 and emphasizing the mandatory language therein, the court held:
In legislation, “[t]he word ‘shall’ is mandatory[.]” La. R.S. 1:3. This court is without authority to disregard the clear and unambiguous language of La. R.S. 13:5128. See La. R.S. 1:4. The record reflects that [appellants] have failed to perfect a timely appeal in accordance *643 with La. R.S. 13:5128. The appeal is not properly before this court and is, therefore, dismissed.
BellSouth, 919 So.2d at 861.
RThe requisite actions that must be taken to perfect an appeal in a bond validation suit are governed by a special statute, La. R.S. 13:5128, and the specific procedures provided for therein are based on the legislature’s recognition of the need for expedited treatment in this type of proceeding. When an appellant fails to timely take and perfect his appeal, the appellate court lacks jurisdiction to hear the appeal. See River Cities Construction Co., Inc. v. Barnard & Burk, Inc., 444 So.2d 1260, 1268 (La.App. 1st Cir.1983), units denied, 446 So.2d 1223 and 446 So.2d 1226 (La.1984). For this reason, the appeal must be dismissed.
CONCLUSION
Appellant failed to comply with the mandatory provisions of La. R.S. 13:5128. The appeal is untimely, and this court lacks jurisdiction. Accordingly, appellee’s motion to dismiss the appeal is granted, and the appeal is dismissed. See La.Code Civ. P. art. 2162. Costs of this appeal in the amount of $1480.50 are assessed against the appellant, Hospital Service District No. 1 of Tangipahoa Parish d/b/a North Oaks Medical Center.
APPEAL DISMISSED.

. North Oaks is a political subdivision of the state. La. R.S. 46:1064 A.

. Although signed June 12, 2006, the judgment was not filed into the record until June 13, 2006.

. On October 5, 2006, we granted the Community Hospital Coalition, Inc.’s motion for leave to file an amicus curiae brief.

.Clearly, if an appeal from the August 22, 2006, judgment is untimely, then an appeal from the June 12, 2006, judgment is untimely.