971 So.2d 1081 (2007)
STATE of Louisiana, through Doug MOREAU, District Attorney for the 19th Judicial District of Louisiana
v.
Vincent Mark CASTILLO.
No. 2007 CE 1865.
Court of Appeal of Louisiana, First Circuit.
September 24, 2007.
Doug Moreau, District Attorney, Mark D. Pethke, Baton Rouge, LA, for Plaintiff/Appellee, State of Louisiana.
Vincent Mark Castillo, St. Rose, LA, Defendant/Appellant, Appearing Pro Se.
*1082 Before CARTER, C.J., WHIPPLE, PARRO, KUHN, GUIDRY, PETTIGREW, DOWNING, GAIDRY, McDONALD, McCLENDON, HUGHES, and WELCH, JJ.
PER CURIAM.
This is an election suit challenging the eligibility of defendant/appellant, Vincent Mark Castillo, as a candidate for the office of Governor of the State of Louisiana.[1]

FACTS AND PROCEDURAL HISTORY
Mr. Castillo filed a notice of candidacy with the Louisiana Secretary of State, seeking to qualify as a candidate for Governor of the State of Louisiana in the primary election to be held on October 20, 2007. On September 12, 2007, Doug Moreau, District Attorney for the Parish of East Baton Rouge, filed a petition objecting to Mr. Castillo's candidacy on the grounds that Mr. Castillo, as a convicted felon, is prohibited under LSA-Const. art. I, § 10, from qualifying for the office he seeks.[2]
The record establishes that, in 2001, Mr. Castillo was convicted in the 24th Judicial District Court, Parish of Jefferson, of two felony[3] counts of attempted extortion. After serving three years and ten months at hard labor, on October 4, 2006, Mr. Castillo was discharged from his sentence and received an automatic first offender pardon pursuant to LSA-R.S. 15:572 B(1).[4] Mr. Castillo has not sought, nor has he received, a pardon from the Governor for the State of Louisiana.
After considering the evidence and testimony, the district court signed a judgment declaring Mr. Castillo disqualified as a candidate for governor and casting Mr. Castillo with costs and attorney fees in the amount of $1,000. See LSA-R.S. 18:495 E. This expedited appeal by Mr. Castillo follows. See LSA-R.S. 18:1409 F.

DISCUSSION
As the facts of this case are not in dispute, this court is faced with the resolution of a purely legal issue. On legal issues, an appellate court gives no special weight to the findings of the trial court, but instead exercises its constitutional duty to review questions of law and render a judgment on the record. City of Baker School Bd. v. East Baton Rouge Parish School Bd., 99-2505 (La.App. 1 Cir. 2/18/00), 754 So.2d 291, 292-93. Appellate review of questions of law is simply to determine whether the trial court was legally correct. LaCombe v. McKeithen, 04-1880 (La.App. 1 Cir. 8/30/04), 887 So.2d 48, 51, writ denied, 04-2240 (La.9/2/04), 882 So.2d 588.
Article I, Section 10(B), of the Louisiana Constitution approved by the Louisiana voters on October 3, 1998, provides in pertinent part:
The following persons shall not be permitted to qualify as a candidate for elective public office or take public *1083 elective office or appointment of honor, trust, or profit in this state:
(1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, . . . and has not afterwards been pardoned . . . by the governor of this state. . . .
Mr. Castillo advanced several challenges to the "constitutionality" of LSA-Const. art. I, § 10. First, Mr. Castillo contends that LSA-Const. art. I, § 10 conflicts with LSA-Const. art. I, § 20, which allows for restoration of the full rights of citizenship upon termination of state supervision following a conviction for any offense. Mr. Castillo maintains that, pursuant to LSA-Const. art. I, § 20, he is entitled to hold public office. Under the general principles of constitutional construction, a more detailed provision prevails over a more general provision addressing the same subject matter, and the latest expression of the will of the people prevails over previously enacted conflicting provisions. Malone v. Shyne, 06-2190 (La.9/13/06), 937 So.2d 343, 352. To the extent Article I, Section 20, may be construed to conflict with Article I, Section 10, the latter, a more recent and more specific provision, prevails. Cook v. Skipper, 99-1448 (La.App. 3 Cir. 9/27/99), 749 So.2d 6, 10, writ denied, 99-2827 (La.9/30/99), 745 So.2d 601.
Second, Mr. Castillo maintains that because, as a first offender, he was entitled to an automatic pardon upon completion of his sentence, pursuant to LSA-Const. art. IV, § 5(E)(1), he is eligible to qualify as a candidate for public office under LSA-Const. art. I, § 10. An automatic pardon pursuant to La. Const. art. IV, § 5(E)(1) does not have the same effect as a full pardon granted by the governor under the same provision. See State v. Adams, 355 So.2d 917, 921-922 (La.1978). An automatic pardon requires no action by the governor. See LSA-Const. art. IV, § 5(E)(1); LSA-R.S. 15:572 B(1). Reference in LSA-Const. art. I, § 10(B) to a pardon "by the governor of this state," is a plain reference to the gubernatorial pardon in the first sentence of LSA-Const. art. IV, § 5(E)(1), and not to the automatic first offender pardon that requires no action by the governor. Malone v. Tubbs, 36,816 (La.App. 2 Cir. 9/6/02) 825 So.2d 585, 592, writs denied, 02-2322 (La.9/11/02), 824 So.2d 1164 and 02-2448 (La.10/1/02), 826 So.2d 1110; see Cook, 749 So.2d at 10-11. The automatic pardon provision does not restore Mr. Castillo's right to hold public office.
Lastly, Mr. Castillo seeks a declaration from this court that LSA-Const. art. I, § 10, approved by the voters of the State of Louisiana on October 3, 1998, is a "nullity" due to alleged procedural defects in the legislative process that occurred prior to bringing the referendum to the people. The challenges to the validity of LSA-Const. art. I, § 10 were not presented to, nor considered by, the trial court. Moreover, any Election Code challenge to the election of 1998 would be untimely. LSA-R.S. 18:1405 C; see LSA-R.S. 18:1401 C.

CONCLUSION
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed to defendant/appellant, Vincent Mark Castillo.
AFFIRMED.
KUHN, J., dissents & assigns reasons.
McDONALD, J., concurs.
PARRO, J., dissents for the reasons assigned by Judge KUHN.
KUHN, J., dissenting.
This is an election suit challenging the eligibility of defendant/appellant, Vincent *1084 Mark Castillo, as a candidate for the office of Governor of the State of Louisiana.[1] This appeal is untimely.
The district court's judgment declaring Mr. Castillo disqualified as a candidate for Governor was signed September 17, 2007, at 11:55 a.m. That judgment cast Mr. Castillo with all court costs and applicable attorney fees in the amount of $1,000. Mr. Castillo's motion for direct appeal and the attached, signed order granting that motion bear a file date of September 17, 2007, at 12:01 p.m. The order of appeal was signed on September 18, 2007; no time is specified. The record reflects that no bond was posted.
On September 19, 2007, Mr. Castillo filed in district court a request for pauper status. Pauper status was granted on September 20, 2007, at 3:10 p.m., more than three days after the judgment declaring Mr. Castillo ineligible to run was signed.
The plaintiff/appellee, the State of Louisiana, filed a motion to dismiss Mr. Castillo's appeal for failure to comply with the requirements of LSA-R.S. 18:1409 D. In order to appeal a district court judgment in an election suit, the appellant must, within twenty-four hours after rendition of judgment, obtain an order of appeal and give bond for a sum fixed by the court. LSA-R.S. 18:1409 D. The twenty-four-hour delay for an appeal in the election contest is based on the obvious need for expedited treatment. Dumas v. Jetson, 445 So.2d 424, 425 (La.1984) (Appeal bond filed twenty-two minutes after the statutory time period expired is untimely. See facts as stated in Dumas v. Jetson, 446 So.2d 747, 749 (La.App. 1 Cir.1983)). Because Mr. Castillo failed to comply with the required procedural act within the time period established by LSA-R.S. 18:1409 D, his appeal has not been properly perfected. After the 24-hour delay lapsed, the trial court's order granting him pauper status had no effect on the statutorily-imposed bond requirements. Except where a statute may be declared unconstitutional, statutes prevail over actions or orders of courts.
Mr. Castillo failed to timely give bond for costs or timely secure pauper status. "When an appellant fails to timely take and perfect his appeal, the appellate court lacks jurisdiction to hear the appeal." Board of Com'rs of Hammond Area Economic and Indus. Development Dist. v. All Taxpayers, Property Owners, Citizens of Hammond, 06-1832 (La.App. 1 Cir. 10/6/06), 944 So.2d 640, 643, writ denied, 06-2426 (La.11/3/06), 940 So.2d 675.
Mr. Castillo failed to comply with the mandatory provisions of LSA-R.S. 18:1409 D. The appeal is untimely, and this court lacks jurisdiction. Accordingly, the judgment of the trial court declaring appellant disqualified as a candidate for the governor's office has become a final, definitive judgment and is no longer subject to an appeal.
NOTES
[1] The appellate court shall sit en banc in all election contests involving candidates for offices voted on throughout the state. LSA-R.S. 18:1409 H.
[2] The district attorney has standing to bring an action objecting to the candidacy of a person he has reason to believe is a convicted felon prohibited from qualifying for office pursuant to LSA-Const. art. I, § 10. LSA-R.S. 18:495.
[3] In Louisiana, a felony is defined as an offense that may be punished by death or imprisonment at hard labor. LSA-C.Cr.P. art. 933(3).
[4] "A first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence without a recommendation of the Board of Pardons and without action by the governor." LSA-R.S. 15:572 B(1) (emphasis supplied).
[1] The appellate court shall sit en banc in all election contests involving candidates for offices voted on throughout the state. LSA-R.S. 18:1409 H.