# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# NUMBER 2021 CE 0883

WIL, III by
JMM by
MRT by
EW by

SCOTT KEELER CORNELIUS AND JAMES C. FINNEY

VERSUS

COLETTE GREGGS AND DOUG WELBORN

Judgment Rendered: AUG 0 2 2021

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge, Louisiana
Docket Number C709920

Honorable Timothy E. Kelley, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Brian F. Blackwell<br>Baton Rouge, LA | Counsel for Plaintiffs/Appellees,<br>Scott Keeler Cornelius and<br>James C. Finney |
| J. Andrew Murrell<br>Baton Rouge, LA | Counsel for Defendant/Appellant,<br>Colette Greggs |
| John C. Walsh<br>Baton Rouge, LA | Counsel for Defendant/Appellee,<br>Doug Welborn, in his official capacity as<br>Clerk of Court for East Baton Rouge<br>Parish |

\*\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE: GUIDRY, McDONALD, THERIOT, LANIER
AND WOLFE, JJ.

COURT OF APPEAL
1ST CIRCUIT
FILED

2021 AUG -2 PM 3: 29

RODD NAQUIN
CLERK

**LANIER, J.**

In this suit challenging candidacy, defendant Colette Greggs seeks to appeal the district court's judgment granting plaintiffs' objection to her candidacy for the office of City Judge, City Court, ES 2A, City of Baton Rouge and disqualifying her as a candidate. For the following reasons, we dismiss the appeal as untimely.

### FACTS AND PROCEDURAL HISTORY

On July 14, 2021, Colette Greggs filed a sworn Notice of Candidacy with the East Baton Rouge Parish Clerk of Court, declaring her intent to run for the office of City Judge, City Court, ES 2A, City of Baton Rouge. On the Notice of Candidacy, Greggs certified that her domicile address was 5225 Lone Pine Lane, Baton Rouge, Louisiana, and her mailing address was 3111 Huron Street, Baton Rouge, Louisiana.

On July 23, 2021, Scott Keeler Cornelius and James C. Finney, qualified electors within the city limits of Baton Rouge, Parish of East Baton Rouge, filed a Petition for Disqualification of Candidate, contending that Greggs's declared domicile address of 5225 Lone Pine Lane, the address for which she claims a homestead exemption and at which she is registered to vote, is located outside the city limits of Baton Rouge. Accordingly, they averred that Greggs did not meet the qualifications for the office as set forth in La. R.S. 13:1873 because she was not a qualified resident elector of the territorial jurisdiction of the court for at least two years prior to election. See La. R.S. 18:491(A) & 18:492(A)(3).

The district court conducted a hearing in the matter on July 27, 2021, and, by judgment dated the same day, granted plaintiffs' challenge to Greggs's candidacy and disqualified Greggs as a candidate in the primary election for the office of City Judge, City Court, ES 2A, City of Baton Rouge. On July 28, 2021, Greggs filed a Motion and Order for Appeal, seeking review of this judgment.

2

On July 30, 2021, plaintiffs filed a Motion to Dismiss Appeal for Lack of Jurisdiction, contending that this court lacks jurisdiction over Greggs's appeal because she failed to timely post bond as required by La. R.S. 18:1409(D).

## DISCUSSION

Pursuant to La. R.S. 18:1409(D), "[w]ithin twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal **and** giving bond for a sum fixed by the court to secure the payment of costs." (Emphasis added). Regarding the meaning of "rendition of judgment," La. R.S. 18:1409(J) provides that "[a]s used in this Chapter, judgment shall be deemed to have been rendered when signed by the judge." The language of La. R.S. 18:1409(D) is clear and unambiguous and requires that a party seeking to appeal the district court's judgment in an election suit to perform two procedural acts within twenty-four hours of rendition of judgment: (1) obtain an order of appeal; and (2) give bond for a sum fixed by the court. Dumas v. Jetson, 446 So. 2d 747, 749 (La. App. 1st Cir. 1983), writ granted in part and remanded on other grounds, 445 So. 2d 424 (La. 1984).

A party seeking relief under the Election Code must bring herself within the strict provisions of the law governing election suits. Francis v. Daigle, 2020-0723 (La. App. 1st Cir. 8/14/20), 311 So. 3d 393, 394, writ denied, 2020-01018 (La. 8/24/20), 301 So. 3d 27. The legislature in drafting and enacting the Election Code sought to expedite contests involving candidacy. The short time delays are in the interest of the electorate, not the private litigants. Francis, 311 So. 3d at 394.

In the instant case, the district court signed its judgment on July 27, 2021 at 2:11 p.m. See La. R.S. 18:1409(C). Thus, Greggs had until 2:11 p.m. on July 28, 2021, to obtain an order of appeal and post bond in the sum fixed by the court. See Dumas, 446 So. 2d at 749. Greggs timely filed her Motion and Order for Appeal on July 28, 2021, at 12:00 p.m. In the order of appeal, which was signed by the

3

district court that day, the court ordered the posting of bond in accordance with La. R.S. 18:1409(D), in the amount of $3,500.00. However, Greggs did not post the bond until July 30, 2021, at 11:55 a.m., nearly three days after the rendition of judgment. Accordingly, we are compelled to conclude because Greggs failed to file her motion for appeal **and appeal bond** by 2:11 p.m. on July 28, 2021, her appeal was not properly perfected. As such, the district court's judgment disqualifying Greggs as a candidate is now final.[1] See Dumas, 446 So. 2d at 749.

## CONCLUSION

For the above and foregoing reasons, Colette Greggs's appeal of the district court's July 27, 2021 judgment, disqualifying her as a candidate for the office of City Judge, City Court, ES 2A, City of Baton Rouge is dismissed as untimely.

**APPEAL DISMISSED.**

---

[1] We reject Greggs's argument that the district court's judgment was not a valid final judgment. The language of the judgment was precise, definite, and certain in disqualifying defendant Colette Greggs as a candidate for the office of City Judge, City Court, ES 2A, City of Baton Rouge, on the Petition for Disqualification of Candidate of plaintiffs, Scott Keeler Cornelius and James C. Finney. Moreover, because the district court retains jurisdiction after an order of appeal is granted to set and tax costs, La. C.C.P. art. 2088(A)(10), language in a judgment casting a party with costs without specifying the amount of costs does not render the judgment an invalid final judgment. See Kelly McHugh and Associates, Inc. v. RPDE Development, LLC, 2019-0709 (La. App. 1st Cir. 3/5/20), 300 So. 3d 417, 421-422, & Interdiction of Metzler, 2015-0982 (La. App. 1st Cir. 2/22/16), 189 So. 3d 467, 469 n.3.

4