# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-537


**JESSIE BELLARD**

**VERSUS**

**RICHARD LEWIS, III**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 23-C-01875-A
HONORABLE JOHN  DAMIAN TRAHAN, DISTRICT JUDGE AD HOC

**\*\*\*\*\*\*\*\*\*\***

**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jonathan W. Perry, Charles G. Fitzgerald, and Ledricka J. Thierry, Judges.


**VACATED AND REMANDED WITH INSTRUCTIONS.**

**Antonio Birotte**
**Attorney at Law**
**110 West Bellevue Street**
**Opelousas, LA 70570**
**(337) 407-5030**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Richard Lewis, III**


**Christopher Ludeau**
**Ludeau Law, LLC**
**516 West Magnolia Street**
**Ville Platte, LA 70586**
**(337) 363-2388**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **Jessie Bellard**

**PERRY, Judge.**

This appeal concerns a petition challenging the candidacy of a party who has qualified to run for the office of St. Landry Parish President. Finding a procedural error, more fully detailed in this opinion, we vacate the judgment of the trial court and remand the matter for a trial with all due haste.

## FACTS AND PROCEDURAL HISTORY

Jessie Bellard, a qualified elector of St. Landry Parish, filed a Petition Objecting to Candidacy challenging the candidacy of Richard Lewis, III, who qualified to run for St. Landry Parish President for the October 14, 2023 primary election. Mr. Bellard's petition also named Charles Jagneaux, the clerk of court for St. Landry Parish as a defendant, as required by La.R.S. 18:1402(A)(2). Mr. Bellard is the current St. Landry Parish President and the only other candidate to qualify for that elected position. Mr. Bellard's challenge alleges that Mr. Lewis falsely certified on his qualifying form that he filed federal and state income tax returns for the five years preceding his qualification. With leave of court, Mr. Bellard hired a private process server to effect service on Mr. Lewis.

The trial court[1] scheduled a hearing for August 18, 2023. Mr. Lewis did not attend the hearing and was not represented by counsel. At the hearing, Mr. Bellard introduced a copy of a news article from KLFY dated August 15, 2023, about Mr. Bellard's challenge to Mr. Lewis's candidacy that quotes Mr. Lewis stating "My taxes are current; my taxes have been filed. It's just another way to stop my campaign. Mr. Bellard never did want me in the race, I'm going to expose everything I know that's being done wrong."

---

[1] The four judges of the Twenty-Seventh Judicial District recused themselves sua sponte. Judge John Trahan was appointed by the supreme court to hear this matter.

Mr. Bellard testified that he submitted a public records request to the Louisiana Department of Revenue seeking information on whether Mr. Lewis filed state income tax returns for the previous five years. He identified the document he received in response to that public records request which indicated Mr. Lewis had not filed state income tax returns for 2021 and 2022, and that document was entered into evidence.

Mr. Jagneaux testified that he is the clerk of court for St. Landry Parish. He identified the Qualifying Form of Mr. Lewis, which included certifications that he met the qualifications of the office for which he was qualifying, that he had filed his federal and state income tax returns for the previous five years, and that the information contained in the document was true and correct. He identified Mr. Lewis's signature on the form. The Qualifying Form was admitted into evidence.

Ms. Christina Junker, an attorney with the Policy Services Division for the Louisiana Department of Revenue, was also called to testify. She explained how the Department of Revenue responds to public records requests for state income tax returns. She testified that the department received a request for tax filing information for Richard Lewis, III, which included the date of birth and address of Mr. Lewis. She confirmed that the document previously identified by Mr. Bellard indicating that the department had no record of the filing of state income tax returns from Mr. Lewis for 2021 and 2022 was the document forwarded from her office.

Candace Roberts, the Human Resources Director for St. Landry Parish Government, testified that she produced W-2s for Mr. Lewis for 2021 and 2022 in response to a subpoena. She identified the documents. She also confirmed that the address on the W-2s was the same address as Mr. Lewis's address on the notice of candidacy forms.

2

Kirk Menard, the private process server hired to effect service on Mr. Lewis, also testified. He testified that he was hired to serve Mr. Lewis through the clerk of court and personally. While he was able to serve Mr. Lewis through the clerk of court, he was not able to serve Mr. Lewis personally. He attempted to serve him at his residence on August 17, 2023. He attempted to contact him by telephone call and text message. He knocked on the door of Mr. Lewis's home and there was no answer. He waited at the home from 12:15 p.m. to 8:00 p.m. Mr. Menard tried knocking on the door again after a vehicle arrived at the home, but no one answered. He identified pictures of Mr. Lewis's home that he took as he waited and screenshots of text messages he sent to Mr. Lewis, which were introduced into the record. On the morning of the trial, he attempted to serve Mr. Lewis at his place of employment in Carencro, but the person he spoke to told him Mr. Lewis was not there.

Finally, Joey Lynn Thibodeaux, deputy clerk of court for St. Landry Parish, testified that she posted the petition objecting to candidacy filed by Mr. Bellard on three doors of the clerk's office.

The trial court found that Mr. Lewis was properly served with the petition through the clerk of court. The trial court further found that Mr. Bellard proved that Mr. Lewis did not file income taxes for 2021 and 2022. The trial court found that Mr. Lewis's failure to file his income tax returns for those years disqualified him as a candidate for St. Landry Parish President. He signed a judgment in open court. Because the judgment lacked proper decretal language, this court ordered the trial court to file an amended judgment on August 22, 2023. The amended judgment was filed by the trial court on August 22, 2023.

Mr. Lewis now appeals.

3

Mr. Lewis asserts two assignments of error:

1. The trial court erred in granting plaintiff's petition without appointing an attorney at law to represent defendant by instanter appointment made prior to the commencement of trial.

2. The trial court erred in granting plaintiff's petition because, not only did Charles Jagneaux, in his capacity as St. Landry Parish Clerk of Court and registered agent on behalf defendant, fail to comply with notification requisites of law, but plaintiff also failed to offer into evidence any proof of such compliance during the trial.

## APPLICABLE LAW

"By filing notice of candidacy a candidate appoints the clerk of court for each parish in which he is to be voted on as his agent for service of process in any action objecting to his candidacy[.]" La.R.S. 18:1407. Further, La.R.S. 18:1408 sets forth the following requirements for service of process in an election suit:

A. If service of process is to be made on the appointed agent, as authorized by R.S. 18:1407, such service shall be made by serving citation on this agent, but at the same time that service is made on the appointed agent, a diligent effort shall be made to make personal service on the defendant at his domiciliary address as shown on his notice of candidacy.

B. When service is made on the appointed agent, he shall immediately notify the defendant by telephone and send notice thereof, together with a copy of the citation, by electronic mail to the address listed on his notice of candidacy. If the defendant did not list an electronic mail address on his notice of candidacy, the appointed agent shall mail a copy of the citation to the defendant at his domiciliary address as listed on his notice of candidacy.

C. Service of process on and citation of the appointed agent, together with the posting of the petition as provided in R.S. 18:1406, shall be sufficient service to give the trial court jurisdiction over the person of the defendant.

In *Russo v. Burns*, 14-952 (La.App. 4 Cir. 9/9/14), 150 So.3d 67, the fourth circuit found that the defendant, a candidate for Orleans Parish District Attorney, was properly served to give the court personal jurisdiction over the defendant. The

evidence showed that the petition was served on the Criminal District Court Clerk, before whom the defendant qualified as a candidate, as well as the Civil District Court Clerk. The plaintiff also retained a private process server who attempted to personally serve the defendant but was unable to complete service. Finally, the petition was posted at the Civil District Court for Orleans Parish.

Louisiana Revised Statutes 18:1409(A)(2) states:

> If the defendant does not appear on the date set for the trial, either in person or through counsel, the court shall appoint an attorney at law to represent him by instanter appointment made prior to the commencement of the trial. In a case where a court appointment of an attorney to represent the defendant is made, the proceedings shall be conducted contradictorily against the court-appointed attorney.

## DISCUSSION

In his first assignment of error, Mr. Lewis argues that the trial court should have appointed an attorney as curator ad hoc to represent his interests when neither he nor an attorney representing him appeared at the trial of this matter, pursuant to La.R.S. 18:1409(A)(2). The statute clearly requires the court to make such an instanter appointment. In brief to this court, Mr. Bellard does not refute this legal requirement.

We have found only two cases in the jurisprudence which address the requirement of an attorney to represent the interests of a person whose candidacy for elected office is challenged. This court has found that if a defendant appears for a trial in a suit objecting to his candidacy, he is not entitled to have an attorney appointed to represent him. *Cook v. Skipper*, 99-1448 (La.App. 3 Cir. 9/27/99), 749 So.2d 6, *writ denied*, 99-2827 (La. 9/30/99), 745 So.2d 601. The fourth circuit, sitting en banc, found that the trial court erred in its appointment of a curator ad hoc to represent the interests of a candidate who had qualified for election to the House of Representatives:

5

> [W]e find that the trial court's appointment of Ferdinand Valteau as curator ad hoc was flawed. When Alcorn did not appear at the hour appointed for hearing, the court was mandated by LSA–R.S. 18:1409 A to appoint an attorney. However, Attorney Valteau was not appointed until after the trial had begun and one witness had already testified and been discharged. Alcorn did not receive the minimal representation to which he was entitled under the statutory law.

*Darnell v. Alcorn*, 99-2405, p. 13 (La.App. 4 Cir. 9/24/99), 757 So.2d 716, 723, *writ denied*, 99-2795 (La. 9/28/99), 747 So.2d 1130.

We find the trial court erred in proceeding with the trial of this matter in the absence of Mr. Lewis, his attorney, or an attorney appointed by the court as a curator. We find the proper disposition is to vacate the judgment of the trial court and remand for a hearing with all due haste.

## CONCLUSION

For the reasons assigned herein, the judgment of the trial court is vacated. This matter is remanded to the trial court with instructions to hold a new trial with all due haste.

**VACATED AND REMANDED WITH INSTRUCTIONS.**