| DANILO AUGUSTO FELICIANO | * | NO. 2025-CA-0360 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| SUSAN HUTSON, IN HER OFFICIAL CAPACITY AS ORLEANS PARISH SHERIFF AND NANCY RUTH LANDRY, IN HER OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2025-05223, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Rachael D. Johnson, Judge Karen K. Herman, Judge Monique G. Morial)

***BELSOME, C.J., DISSENTS AND ASSIGNS REASONS***

Danilo Augusto Feliciano
400 Burgundy Street
New Orleans, LA 70112

      PRO SE PLAINTIFF/APPELLANT

Tracey J. Comeaux
John S. Williams
ORLEANS PARISH SHERIFF'S OFFICE
2800 Perdido Street
New Orleans, LA 70119

      COUNSEL FOR DEFENDANT/APPELLEE, SUSAN HUTSON, IN HER
      OFFICIAL CAPACITY AS ORLEANS PARISH SHERIFF

Celia R. Cangelosi
7914 Wrenwood Blvd., Suite D
Baton Rouge, LA 70809

Caroline M. Tomeny
SHOWS, CALI & WALSH, LLP
628 St. Louis Street

Baton Rouge, LA 70802

COUNSEL FOR DEFENDANT/APPELLEE, NANCY LANDRY, IN HER OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE

Madro Bandaries
MADRO BANDARIES, PLC
1127 2nd Street
New Orleans, LA 70130

COUNSEL FOR INTERVENOR/APPELLEE, DARREN LOMBARD, IN HIS OFFICIAL CAPACITY AS CLERK OF CRIMINAL DISTRICT COURT AND CHIEF ELECTIONS OFFICER

**APPEAL DISMISSED**

**JUNE 17, 2025 AT 1:50 P.M.**

*JCL*

*RDJ*

*KKH*

*MGM*

This matter arises from an election contest concerning a proposition submitted to voters in Orleans Parish on May 3, 2025. On June 12, 2025, the matter was heard in the district court and judgment was rendered dismissing the claims of Danilo Augusto Feliciano ("Appellant"). Appellant now seeks review of that judgment. Defendants, Nancy Landry in her official capacity as Louisiana Secretary of State and Susan Hutson in her official capacity as Orleans Parish Sheriff, filed motions to dismiss the appeal, alleging that the procedural record establishes that the appeal was not perfected in accordance with the requirements of La. R.S. 18:1409(D). For the reasons set forth below, we grant the motions to dismiss the appeal.

On May 27, 2025, Appellant filed a Petition Contesting Election challenging the results of a local proposition election held on May 3, 2025. Trial on the matter was held on June 12, 2025. The district court rendered judgment dismissing the

1

petition at 2:29 p.m., and the written judgment was signed in chambers at 3:52 p.m. that same day. On June 13, 2025, Appellant filed a notice of appeal at 3:44 p.m. and submitted a cash bond to the clerk of court at 4:13 p.m., twenty-one minutes after the 24-hour statutory deadline had expired.

Appeals in election matters are governed by the expedited procedures set forth in La. R.S. 18:1409(D), which provides: "Within twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs." The statute imposes two mandatory requirements: the appellant must (1) obtain an order of appeal, and (2) furnish a bond, both within twenty-four hours of the trial court's judgment.

Our jurisprudence has consistently held that these timelines are jurisdictional in nature. The failure to comply deprives this Court of authority to consider the merits of the appeal. *Dumas v. Jetson*, 446 So.2d 747, 749 (La. App. 1st Cir. 1983); *Cornelius v. Greggs*, 21-0883, p. 4 (La. App. 1 Cir. 8/2/21), 329 So.3d 314, 316; *Sens v. Plaisance*, 20-0382, p. 2  (La. App. 4 Cir. 8/12/20), 365 So.3d 17, 18 ("Absent a timely filed motion for appeal, the appellate court lacks jurisdiction over the appeal")(quoting *Joseph v. Egan Health Care Corp.*, 19-10, p. 3 (La. App. 5 Cir. 5/6/19), 273 So.3d 459, 462). In *Sens* and *Plaquemines Par. Council v. Petrovich*, 95-2263 (La. App. 4 Cir. 10/18/95), 662 So.2d 542, we reaffirmed that election statutes are to be construed strictly.

In *Dumas*, the court dismissed an election appeal where the bond was filed just twenty-two minutes beyond the 24-hour deadline. The court emphasized that the statutory language is clear and unambiguous, and that the timeframe for perfecting an appeal must be strictly enforced to ensure the timely resolution of election disputes.  *Id.*, 446 So.2d at 479.

On a motion to dismiss an appeal, the burden of proof rests initially with the mover to demonstrate a jurisdictional defect, and in the case *sub judice,* the defect was the alleged untimely furnishing of the appeal bond. *See PRCP-NS New Orleans, LLC v. Swanson*, 22-0393, p. 5 (La. App. 4 Cir. 12/16/22), 354 So.3d 239, 243. Once that prima facie showing is made, the burden shifts to the appellant to establish that the appeal was perfected in compliance with the strict 24-hour deadline imposed by La. R.S. 18:1409(D), which requires that both the order of appeal be obtained and the bond furnished within 24 hours of the signing of the judgment.

In this case, the district court's written judgment was signed at 3:52 p.m. on June 12, 2025. Accordingly, the statutory deadline for perfecting the appeal expired at 3:52 p.m. on June 13, 2025. The notice of appeal was filed at 3:44 p.m., but the appellate record reflects that the bond was not posted until 4:13 p.m., twenty-one minutes after the deadline. On its face, the record supports the conclusion that the appeal was not timely perfected.

The record does not clearly indicate the precise time at which the trial judge signed the order of appeal and set the bond. However, Appellant failed to respond to the motions to dismiss, did not offer any evidence to rebut the time stamps, and did not explain or offer justification for the delay. When questioned at oral argument, Appellant provided no factual basis to dispute the 4:13 p.m. bond time or to demonstrate timely compliance.

Given the mandatory and jurisdictional nature of the deadlines in election appeals, the absence of any contrary evidence or justification for the delay, and the jurisprudential mandate for strict construction, dismissal is warranted. *See Dumas*, 446 So.2d at 749; *Sens*, 20-0382, p. 2, 365 So.3d at 18. Under the clear language of La. R.S. 18:1409(D), the appeal was not timely perfected and must be dismissed.

For the foregoing reasons, the motions to dismiss the appeal are GRANTED. The appeal is hereby DISMISSED.

**APPEAL DISMISSED**